IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH JONES, | § | |
| | § | No. 308, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1712008278 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 18, 2020
Decided: May 7, 2020

Before, **VALIHURA**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

This 7th day of May, 2020, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Joseph Jones, appeals the Superior Court's denial of his motion for a modification of sentence under Superior Court Criminal Rule 35. Jones argues that the court abused its discretion when it held that a Rule 35 motion filed by Jones's counsel was procedurally barred and denied the motion without consideration on the merits. We agree, reverse the Superior Court's denial of Jones's counsel's Rule 35 motion, and remand for consideration of the motion on its merits.

(2) On April 27, 2018, a New Castle County grand jury indicted Jones for Rape First Degree, Unlawful Sexual Contact First Degree, Sexual Abuse of a Child by a Person in a Position of Trust in the First Degree, and Continuous Sexual Abuse of a Child.[1] The Superior Court appointed counsel to represent Jones.[2] On August 16, 2018, Jones pled guilty to Continuous Sexual Abuse of a Child, and the State dismissed the remaining charges.[3] Jones agreed that he was subject to sentencing under 11 *Del. C.* § 4205A because his victim was less than 14 years old.[4] Jones acknowledged that, under section 4205A, he faced a minimum sentence of 25 years and a maximum sentence of life imprisonment.[5] On December 4, 2018, the Superior Court sentenced Jones to 50 years incarceration, suspended after 40 years for decreasing levels of supervision.[6]

(3) On December 13, 2018, Jones filed a *pro se* "Motion for Sentence Modification and/or Reduction" under Rule 35(b), in which he asked the court to reduce his sentence.[7] On January 31, 2019, the Superior Court issued an order

---

[1] App. to Opening Br. 1, 6-9 ("A__" hereafter).
[2] A1.
[3] A2; App. to Answering Br. 10-11 ("B__" hereafter).
[4] B10.
[5] B11. Section 4205A states that "the Superior Court, upon the State's application, shall sentence a defendant convicted of any crime set forth in . . . this title to not less than 25 years up to life imprisonment to be served at Level V if . . . [t]he victim of the instant offense is a child less than 14 years of age." 11 *Del. C.* § 4205A(a).
[6] A3, 17, 32-34.
[7] A3, 19-22. Rule 35(b) provides that "[t]he court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." Super. Ct. Crim. R. 35(b).

denying Jones's *pro se* motion.[8] The court held that Jones "acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case," and Jones provided no additional information warranting a modification of sentence.[9]

(4) On March 1, 2019, apparently unaware of Jones's *pro se* motion, Jones's trial counsel filed a timely "Motion for Modification of Sentence," seeking relief under Rule 35(b).[10] On June 27, 2019, the Superior Court denied the motion filed by Jones's counsel.[11] The court reasoned that counsel's motion was repetitive of the already-denied *pro se* motion.[12] Because Rule 35 states that "[t]he court will not consider repetitive requests for reduction of sentence," the court held that the later motion filed by Jones's counsel was "absolutely barred and will not be considered."[13] On July 17, 2019, Jones filed a timely notice of appeal contesting the Superior Court's denial of his counsel's Rule 35 motion.

(5) This Court reviews the Superior Court's denial of a motion for modification of sentence for abuse of discretion.[14]

---

[8] A3; B12-13.

[9] B12-13.

[10] A3, 24-29.

[11] A4; Opening Br. Ex. C.

[12] Opening Br. Ex. C, at 2 (relying on the language in Rule 35(b) which states "[t]he court will not consider repetitive requests for reduction of sentence").

[13] *Id.*

[14] *Stover v. State*, 2018 WL 3245175, at *1 (Del. Jul. 3, 2018) (citing *State v. Culp*, 152 A.3d 141, 144 (Del. 2016)).

(6) On appeal, Jones claims that he was still represented by his trial counsel when he filed the first Rule 35 motion *pro se*.[15] Because courts may not "consider pro se applications by defendants who are represented by counsel,"[16] Jones argues that his *pro se* motion was a "legal nullity" and that the motion filed by his counsel was the first legitimate Rule 35 motion presented to the court.[17] Thus, Jones argues that the Superior Court abused its discretion when it held that the Rule 35 motion filed by counsel was repetitive of the earlier-filed *pro se* Rule 35 motion.[18]

(7) The State responds that Jones's counsel was not obligated to file a Rule 35 motion and that the Superior Court did not err in considering Jones's *pro se* motion because it had no reason to believe Jones was represented.[19] The State further argues that the Superior Court "routinely considers pro se applications for sentence modification and that Jones offers no legal basis to depart from this long-standing practice."[20] Because it could consider Jones's *pro se* motion, the State maintains that "[t]he Superior Court correctly determined that Jones' [sic] motion was barred as repetitive."[21]

---

[15] Opening Br. 5-6.
[16] Super. Ct. Crim. R. 47.
[17] Opening Br. 5-6.
[18] *Id.*
[19] Answering Br. 7-10.
[20] *Id.* at 9.
[21] *Id.* at 7.

4

(8) A review of the record reveals that Jones was still represented when he filed the *pro se* motion.[22]   First, Jones filed the *pro se* motion during the 30-day appeal period in which he was still entitled to advice of counsel.  Under Supreme Court Rules, a defendant may appeal his or her Superior Court criminal conviction within 30 days of sentencing[23] and is entitled to have advice of trial counsel in considering whether to appeal.[24]   Here, the Superior Court sentenced Jones on December 4, 2018,[25] and Jones filed the *pro se* motion for modification on December 13, 2018, less than ten days later.[26]   Since Jones filed the *pro se* motion during the limited period that his trial counsel was still bound to advise him, we are unconvinced by the State's argument that there was no reason to believe Jones had representation.[27]

---

[22] There is an inconsistency in the record and the briefing regarding whether Jones filed a second *pro se* Rule 35 motion.  The Superior Court's July 17, 2019 order states that Jones filed two pro se motions.  Opening Br. Ex. C, at 2.  However, there is no evidence of a second *pro se* filing except for the docket entry stating that the Superior Court issued a letter order denying the motion on April 24, 2019.  A3-4.  This Court has not seen that motion or the order denying that motion and is uncertain as to whether the motion exists.  Given the irregularities surrounding the second *pro se* motion, this Court will resolve this appeal by relying only on the December *pro se* motion and the March motion submitted by counsel.

[23] Supr. Ct. R. 6; *see also* 10 *Del. C.* § 147.

[24] Supr. Ct. R. 26(a).

[25] A3, 17, 32-34.

[26] A3, 19-22.

[27] It is well-established that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, even those of constitutional dimensions.  *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015). However, a defendant who enters a plea is still entitled to seek their counsel's advice regarding appeal, and in the event the defendant wishes to appeal, counsel is required to

(9) Further, by filing the motion, Jones's counsel represented to the court his own belief that his duties as counsel extended to Jones's Rule 35 proceedings. Thus, as both Jones and his counsel agree that a representation existed, this Court sees no convincing reason to hold otherwise.

(10) The State responds that, despite the timing of the motion or counsel's recognition of the representation, "there exists no legal duty or obligation for trial counsel to pursue a modification of sentence, [and] Jones was not constrained . . . in pursuing this relief pro se."[28] To resolve this appeal, however, we need only discern whether Jones *had* representation at the time he filed the *pro se* motion. Here, Jones filed the *pro se* motion within the 30-day appeal period, and Jones's counsel recognized that the representation existed. Thus, without determining whether defense counsel's duty of representation extends to filing Rule 35 motions after conviction, we feel confident that Jones was represented by counsel for Rule 35 proceedings based on the facts specific to this case.[29]

---

docket the appeal and continue to represent the defendant until this Court orders otherwise. Supr. Ct. R. 26. Thus, while Jones waived his right to appeal any error leading up to the entry of his guilty plea, he was still entitled to his attorney's advice under Rule 26.

[28] Answering Br. 9.

[29] This decision is not intended to affect the court's treatment of any *pro se* filing made after the 30-day appeal period set forth in Rule 26 and 10 *Del. C.* § 147. To the extent that this decision may implicate court processes beyond that point, we strictly confine this ruling to the facts here.

(11)  Having determined that Jones was represented by counsel when he filed the *pro se* motion, we turn now to the legal effect of that determination.  Superior Court Criminal Rule 47 provides that "[t]he court will not consider pro se applications by defendants who are represented by counsel . . . ."[30]  Since Jones was represented by counsel when he filed the first *pro se* motion, the Superior Court erred when it considered that motion on the merits and denied it on January 31, 2018.  Instead, the court should have processed the *pro se* motion as it would have if the motion had been filed before sentencing.  Accordingly, the first proper Rule 35 motion filed with the court was the motion Jones's counsel submitted on March 1, 2019.[31]  As the first proper motion, the March 1, 2019 motion was not repetitive of any prior filing.  Therefore, the Superior Court abused its discretion when it held that Rule 35 barred consideration of the March 1, 2019 motion.

(12)  For the foregoing reasons, we reverse the denial of the March 1, 2019 motion for modification of sentence and remand for the Superior Court to consider that motion on its merits.

---

[30] Super. Ct. Crim. R. 47.

[31] Our rules do not require trial counsel to file a Rule 35 motion.  Here, however, Jones's counsel voluntarily filed a timely Rule 35 motion on Jones's behalf.

NOW, THEREFORE, IT IS ORDERED that the June 27, 2019 judgment of the Superior Court is REVERSED and REMANDED for further proceedings consistent with this order.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice